**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Geico General Insurance Company,

      Plaintiff,

  vs.

Garrett Miera Palmer, et al.,

      Defendants.

No. CV-16-08147-PCT-PGR

ORDER

    In its Complaint for Declaratory Relief (Doc. 1), the plaintiff alleges that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).  Having reviewed the complaint upon its reassignment to the undersigned Judge, the Court finds that the jurisdictional allegations therein are insufficient as a matter of law to establish the existence of subject matter jurisdiction.  The Court will therefore require the plaintiff to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the

1    same, must dismiss the case, unless the defect be corrected by amendment.")

2          The existence of diversity jurisdiction is not evident from the face of the

3    complaint inasmuch as the complaint fails to properly allege the citizenship of any

4    party.

5          First, the plaintiff alleges that it "is a foreign insurer headquartered in Chevy

6    Chase, Maryland, with its principal place of business located in Chevy Chase,

7    Maryland, authorized to do business and doing business in the State of Arizona."

8    This is insufficient for § 1332 purposes because an allegation of citizenship of a

9    corporation requires an affirmative statement of the state by which it was

10   incorporated as well as the state in which it has its principal place of business.

11         Second, the complaint alleges that defendants Garrett Miera Palmer, Garrett

12   McDaniel, and Ronald and Marti McDaniel are all "residents of Saint Johns,

13   Arizona." These allegations are deficient as a matter of law because allegations of

14   residency do not suffice for purposes of § 1332. *See* Steigleder v. McQuesten, 198

15   U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and

16   citizenship [are] wholly different things within the meaning of the Constitution and the

17   laws defining and regulating the jurisdiction of the ... courts of the United States; and

18   that a mere averment of residence in a particular state is not an averment of

19   citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-

20   Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("Plaintiffs' complaint ... state[s]

21   that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28

22   U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify

23   Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.")

24         Third, the complaint alleges that defendant Seneca Homes, LLC is "a

25   corporation incorporated in the State of Arizona with its primary place of business

26

- 2 -

in Saint Johns, Arizona." This allegation is deficient as a matter of law because a limited liability company is not treated as a corporation for purposes of determining whether diversity of citizenship exists under § 1332; rather, the citizenship of a LLC is the citizenship of each of its members. Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") Since the complaint fails to set forth the citizenship of any member of Seneca Homes, LLC, the Court will require the plaintiff to specifically identity in its amended complaint each Seneca Homes' member by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[1]

The plaintiff is advised that its failure to timely or sufficiently comply with this order will result in the dismissal of this action for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the plaintiff's Complaint for Declaratory Relief (Doc. 1) is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiff shall file an amended complaint properly stating a jurisdictional basis for this action no later than **February 17, 2017**.

IT IS FURTHER ORDERED that the Clerk's Entry of Default for Garrett McDaniel (Doc. 25) and Garrett Miera Palmer (Doc. 35) are both vacated.

---

[1]

Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended complaint must set forth any sub-layers of partners or members that Seneca Homes, LLC may have.

- 3 -

1

2

      IT IS FURTHER ORDERED that defendant Garrett McDaniel's motion for an extension of time to answer (Doc. 42) is denied as unnecessary.

3

4

      IT IS FURTHER ORDERED that the caption of all future documents filed in this action must comply with the party name capitalization rule of LRCiv 7.1(a)(3).

5

      DATED this 25th day of January, 2017.

6

7

8

Paul G. Rosenblatt
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26